FILED

APR 03 2009

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES H. ARCHAMBAULT, | ) | CIV. 09-5018-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, | ) | |
| Warden, S.D. State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner applied for habeas relief pursuant to 28 U.S.C. § 2241. Docket #1. Because

petitioner is a person in custody pursuant to the judgment of a state court, this Court

characterized his petition as one arising under 28 U.S.C. § 2254. See Crouch v. Norris, 251

F.3d 720 (8th Cir. 2001). In an Order issued on February 20, 2009, Petitioner's writ was

dismissed as a successive petition, which is barred by 28 U.S.C. § 2244(b)(1). Docket #3.

Petitioner now comes with a motion for leave to approve nine months credit for time

served. Docket #6. The basis for relief raised in petitioner's motion is a new one, different

from the argument raised in this case or in his previous federal habeas action, CIV. 07-5087.

The federal habeas statute, 28 U.S.C. § 2254(b)(1)(A), requires petitioner to exhaust his state

court remedies prior to seeking relief in the federal courts, which he has not done with

respect to the issue raised in his latest motion. Plaintiff may not seek habeas relief relating to

this claim in the federal courts until he has fully exhausted his state-court remedies.

Accordingly, it is hereby

ORDERED that petitioner's motion for leave to approve nine months credit for time served (Docket #6) is denied.

Dated this _2nd_ day of ~~March~~ _April_, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE